UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FOLAJI AKINBAYODE,<br><br>　　　　　　　　　Petitioner,<br>　　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　　　Respondents. | Case No. 3:22-cv-00403-ART-CLB<br><br>ORDER |

This is a habeas corpus proceeding under 28 U.S.C. § 2254. Petitioner, Folaji Akinbayode, has filed a motion for leave to proceed *in forma pauperis* which shows that he is unable to pay the filing fee of $5.00 required to initiate this action. ECF No. 4. Accordingly, his motion for leave to proceed *in forma pauperis* will be granted.

Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct a preliminary review of each petition for writ of habeas corpus and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Court has reviewed Akinbayode's habeas petition and finds that if fits squarely within this provision. Because the petition cannot be cured by amendment, this action will be dismissed without leave to amend.

### *The Petition*

Akinbayode indicates that he is currently incarcerated at the Washoe County Jail. His petition is, for the most part, a disjointed assemblage of allegations and attachments, but his primary grievance appears to be that the district attorney and/or his own attorney misled him about a misdemeanor charge being dismissed. He contends that his attorney told him that if he "took a nolo contendre plea" on a gross misdemeanor charge of battery on protected

1

person, he would be sentenced to time served and the State would dismiss a misdemeanor charge of resisting public officer.

Akinbayode also claims that his *Miranda* rights were not read to him when he was arrested and appears to be claiming that he has been the subject of police brutality, racial profiling, and client intimidation tactics.

### *Discussion*

For several reasons, this Court is unable to provide Akinbayode with federal habeas relief.

1. Custody.

The federal habeas statute bestows jurisdiction on district courts to entertain petitions challenging a judgment of conviction only for persons who are "in custody" under the conviction at the time that the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A habeas petitioner is not "in custody" under a judgment of conviction for purposes of federal habeas jurisdiction where the sentence imposed by the judgment has fully expired prior to the filing of the federal petition. *See id.* at 492; *DeLong v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). In addition, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. A habeas petitioner does not remain "in custody" when his sentence has expired "merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted." *Id.*

To the extent that Akinbayode seeks to challenge his conviction for battery on protected person, he indicates in his petition that, with credit for time served, he discharged his sentence on June 27, 2022. ECF No. 1-1 at 2.[1]

---

[1] The Court takes judicial notice of information provided online by the Second Judicial District Court

2

He did not initiate this proceeding until September 3, 2022. *Id.* at 18. That being the case, he cannot meet the "in custody" requirement necessary for this Court's habeas jurisdiction to review that judgment of conviction. The fact that he remains in custody on a separate matter does not lead to a different conclusion. *See Magwood v. Patterson*, 561 U.S. 320, 333 (2010) (holding that a § 2254 petitioner is not challenging his custody status, but rather the *judgment* that authorizes custody).

    2. *Younger* Abstention.

As a general rule, a federal court will not entertain a habeas petition seeking intervention in a pending state criminal proceeding, absent special circumstances. *See, e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83 85 (9th Cir. 1980); *Davidson v. Klinger*, 411 F.2d 746 (9th Cir. 1969). This rule of restraint ultimately is grounded in principles of comity that flow from the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, federal courts may not interfere with pending state criminal proceedings absent extraordinary circumstances.

Akinbayode's petition does not specify why he is currently in custody at the Washoe County Jail. His petition mentions the misdemeanor charge for resisting public officer but does not specify the status of that charge. Based on an inmate search of the Washoe County Sheriff's Office, the Court notes that he is facing a battery by prisoner charge that is most likely the reason why he remains in custody.[2] In any case, this Court is unable to intervene in a pending

---

which confirms that Akinbayode pled guilty on June 24, 2022, and was "sentenced to credit time served" and that the judgment of conviction was entered on June 27, 2022. https://www.washoecourts.com/Query/CaseInformation/CR22-0623. (Accessed on September 26, 2022).

[2] Search conducted for Akinbayode on September 26, 2022, at https://www.washoesheriff.com/inmate-search.php. Cross referenced with the Second Judicial District Court's online information, the trial in this matter has been vacated pending a psychiatric evaluation, and Akinbayode is represented by the public

state criminal proceeding absent circumstances that are not present in this case.

   3. Exhaustion.

Before a prisoner seeks federal habeas relief, he must exhaust his state court remedies before presenting his constitutional claims to the federal courts. 28 U.S.C. § 2254(b). The exhaustion rule applies not only to cases brought under § 2254, but also to requests for federal pre-conviction intervention in pending state criminal proceedings. *See, e.g., Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489 92 (1973); *Carden v. State of Montana,* 626 F.2d 82, 83 (9th Cir. 1980). In that context, the rule is grounded in principles of judicial restraint that predate and operate independently of the statutory exhaustion requirement in § 2254.

To satisfy the exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest court available. *Peterson v. Lampert,* 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada,* 329 F.3d 1069, 1075 (9th Cir. 2003).  In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *Shumway v. Payne,* 223 F.3d 983, 987 (9th Cir. 2000).  That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which his claim is based. *Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2005).  The exhaustion requirement insures that the state courts, as a matter of federal-state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson,* 501 U.S. 722, 731 (1991).

---

defender. https://www.washoecourts.com/Query/CaseInformation/CR22-1130. (Accessed on September 26, 2022).

According to Akinbayode's petition and attachments, the only state proceeding he has initiated after his judgment of conviction for battery on protected person is an untimely notice of appeal. ECF No. 1-1 at 4, 10, 17, 19. The Nevada Supreme Court has ordered him to show cause why it should not be dismissed for lack of jurisdiction. *Id.* at 19. Regardless of whether he seeking to challenge that judgment of conviction or asking this Court to intervene in a pending state criminal proceeding, it appears impossible that Akinbayode has presented any federal claims to the highest Nevada court available in a manner that has permitted that court to adjudicate them.

### *Conclusion*

Even if the Court were to allow Akinbayode to amend his habeas petition, he is not be able to meet the conditions for habeas relief discussed above.

It is therefore ordered that Akinbayode's motion for leave to proceed *in forma pauperis* (ECF No. 4) is granted. The Clerk shall file the petition.

It is further ordered that the petition for writ of habeas corpus is dismissed without leave to amend. The Clerk shall enter judgment accordingly and close this case.

It is further ordered that the Court declines to issue a certificate of appealability as reasonable jurists would not find the Court's decision to be debatable or wrong.

It is further ordered that the Clerk is directed to electronically serve a copy of this order and the petition on the respondents via the Nevada Attorney General.

DATED THIS 12th day of October, 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE